IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN R. FEGAN, | ) | 1:08-cv-01373-TAG-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| v. | ) | CERTIFICATE OF |
| | ) | APPEALABILITY |
| WARDEN, Corcoran State Prison, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 15, 2008, Petitioner filed his petition. (Doc. 1). Also on September 15, 2008, Petitioner filed a motion to proceed in forma pauperis. (Doc. 2). On September 22, 2008, the Court granted Petitioner's motion. (Doc. 4). On September 26, 2008, Petitioner consented to the jurisdiction of the U.S. Magistrate Judge. (Doc. 5). On September 29, 2008, Petitioner filed several motions, including a motion for discovery and a motion for appointment of counsel. (Docs. 7 & 8).

On October 6, 2008, the Magistrate Judge denied Petitioner's motion for appointment of counsel. (Doc. 9). The Court has yet to rule on the motion for discovery. On October 6, 2008, the same date as the Court denied the motion for appointment of counsel, Petitioner filed a document entitled "Notice of Appeal." (Doc. 11). In that document, which itself is not dated,

but has a proof of service dated October 2, 2008, Petitioner indicates that he will be filing "a writ of habeas corpus on September 18, 2008 pursuants [sic] to 28 U.S.C. 2254 and Federal Rules of Appellate Procedure." (Id.). Also on October 6, 2008, Petitioner filed a "Motion for Certificate of Appealability." (Doc. 11). This document is dated September 30, 2008 and has a proof of service dated September 30, 2008. (Id.).

Neither the Notice of Appeal nor the Motion for Certificate of Appealability indicate what order of the Court Petitioner is appealing, and the Court is at a loss to comprehend what order Petitioner could possibly be appealing. From the above chronology, it is apparent that Petitioner could not be appealing the denial of appointed counsel since Petitioner signed and mailed his Notice of Appeal and Motion for Certificate of Appealability well before the Court ruled on that motion on October 6, 2008. The only other order in the case thus far, i.e., Petitioner's request for in forma pauperis status, was made in Petitioner's favor.

Nevertheless, Petitioner has filed a motion for issuance of a certificate of appealability and therefore the Court must address it. The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention

        complained of arises out of process issued by a State court;  or
        (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that there is no final order from which Petitioner can take an appeal, nor has he made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not find it debatable that, at this early stage in the proceedings,  Petitioner has not shown an entitlement to federal habeas corpus relief.

Accordingly, the Court hereby ORDERS that Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:  **October 8, 2008**                  **/s/ Theresa A. Goldner**
                                                  UNITED STATES MAGISTRATE JUDGE