UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN R. FEGAN, | ) | 1:08-cv-01373-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS (Doc. 1) |
| | ) | |
| WARDEN, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTIONS FOR ISSUANCE OF |
| Respondent. | ) | SUBPOENAS DUCES TECUM (Docs. 7 & |
| | ) | 21) |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on September 9, 2008. (Doc. 1).[1] A preliminary review of the Petition, however, reveals that the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for Petitioner's state petitions, as well as for the instant petition, the Court will consider the date of signing of any petition (or the date of signing of the proof of service if no

1

petition may be untimely and should therefore be dismissed.

## DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

### B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 9, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. In this instance, that date is September 9, 2008.

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Court's review of the California court system's website indicates that Petitioner filed a petition for review that was denied by the California Supreme Court on April 15, 1998 in case no. S067878.[2] Thus, direct review would have concluded on July 14, 1998, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, July 15, 1998, or until July 14, 1999, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on September 9, 2008, over nine years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

3

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the Court's review of the state court system's website indicates that Petitioner filed the

4

1  following state habeas petitions: (1) filed in the California Supreme Court on May 6, 1999 and
2  denied on August 25, 1999 in case no. S078682; (2) filed in the California Court of Appeal, Fifth
3  Appellate District ("5th DCA") on November 17, 2004 and denied on November 23, 2004 in case no.
4  F046730; (3) filed in the 5th DCA on December 22, 2004 and denied on January 13, 2005 in case no.
5  F047004; (4) filed in the California Supreme Court on February 17, 2005 and denied on January 25,
6  2006 in case no. S131524; (5) filed in the 5th DCA on March 14, 2007 and denied on March 22, 2007
7  in case no. F052426; (6) filed in the 5th DCA on December 28, 2007 and denied on January 17, 2008
8  in case no. F054416; and (7) filed in the California Supreme Court on February 4, 2008 and denied
9  on July 9, 2008 in case no. S160555.
10         As mentioned, the one-year period commenced on July 15, 1998 and continued to run until
11 Petitioner filed his first state petition in the California Supreme Court on May 6, 1999.  Assuming,
12 without deciding, that the first petition was "properly filed" within the meaning of the AEDPA,
13 Petitioner would have been entitled to statutory tolling for the pendency of that petition. At the point
14 of filing that first petition, 295 had already run on the one-year period, leaving only seventy days
15 remaining.  The first state petition was denied on August 25, 1999, and thus the one-year period
16 would have resumed the following day, on August 26, 1999.  The period continued to run unabated
17 until it expired seventy days later on November 4, 1999.
18         The fact that Petitioner subsequently filed six other state habeas petitions does not entitle
19 Petitioner to further statutory tolling.  A petitioner is not entitled to tolling where the limitations
20 period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003
21 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256,
22 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d)
23 does not permit the reinitiation of the limitations period that has ended before the state petition was
24 filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims
25 raised in state habeas corpus filed after expiration of the one-year limitations period).  Here, as
26 mentioned, the limitations period expired on November 4, 1999, over five years *before* Petitioner
27 filed his next state habeas petition on November 17, 2004.  Accordingly, Petitioner cannot avail
28 himself of the statutory tolling provisions of the AEDPA for the remaining six state habeas petitions.

5

D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, from its review of the record, the Court perceives nothing that would justify such equitable tolling.  Accordingly, it appears that the instant petition was filed over nine years late.  Following the protocol established by the Ninth Circuit, the Court is providing Petitioner with the opportunity to provide any further information regarding the timeliness of his petition before the Court makes a final determination in this regard.

E.  Motions for Subpoena Duces Tecum.

Subsequent to the filing of the instant petition, Petitioner filed two motions, each seeking issuance of subpoenas duces tecum for his defense attorney, the trial judge, and the prosecutor, in order to support his claim that his defense attorney was influenced by his relationship with the trial judge.  (Docs. 7 & 21).

The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting).  However, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v.

6

Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)).  A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery.  Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.  Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at295, 89 S.Ct. at 1089).

　　　　Here, Petitioner's request for issuance of subpoenas duces tecum to the individuals indicated above would only be meaningful within the context of an evidentiary hearing.  An evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

　　　　At this juncture, the Court sees no justification for an evidentiary hearing or for issuance of said subpoenas duces tecum since the petition appears to raise only issues of law and there do not appear to be disputed issues of fact.  Moreover, given that the Court has serious concerns about the timeliness of the instant petition, and given the likelihood that unless Petitioner can establish entitlement to tolling sufficient to account for the nine year delay in filing the instant petition, that petition will be dismissed, the Court will deny Petitioner's motions for issuance of subpoenas duces tecum without prejudice.  If, and when, the Court determines that there are issues of fact that require

an evidentiary hearing, the Court will permit Petitioner to renew said motions.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d); and,

2. Petitioner's motions for issuance of subpoenas duces tecum (Docs. 7 & 21), are DENIED without prejudice.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **September 17, 2009**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

8