# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN R. FEGAN, | 1:08-cv-01373-JLT HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1) |
| v. | |
| WARDEN, | ORDER DENYING MOTION FOR STAY AS MOOT (Doc. 30) |
| Respondent. | ORDER DENYING MISCELLANEOUS DISCOVERY MOTIONS AS MOOT (Docs. 34, 35, & 36) |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on

1

September 9, 2008. (Doc. 1).[1] On September 22, 2008, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 5). On October 6, 2008, Petitioner filed a notice of appeal that divested the Court of jurisdiction and the matter was transferred to the United States Court of Appeal for the Ninth Circuit until September 15, 2009, when the Ninth Circuit dismissed the appeal for lack of jurisdiction, since the appeal was not taken from a final or appealable order. (Doc. 27).

Three days later, on September 18, 2009, after a preliminary review of the Petition revealed that the petition may be untimely and should therefore be dismissed, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely. (Doc. 28). Petitioner filed his response on October 9, 2009, styled as a Motion to Stay. (Doc. 30). Subsequently, Petitioner has filed three discovery requests: (1) a motion for a subpoena duces tecum on January 22, 2010 (Doc. 34); (2) a motion for discovery in support of subpoena duces tecum filed on February 18, 2010 (Doc. 35); and (3) a motion for discover in support of subpoena duces tecum filed on February 18, 2010. (Doc. 36). All three motions relate to Petitioner's claim of judicial bias during his 1995 trial.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for Petitioner's state petitions, as well as for the instant petition, the Court will consider the date of signing of any petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. In this instance, that date is September 9, 2008.

2

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the Order to Show Cause on September 18, 2009, the Court afforded Petitioner the opportunity to response required by the Ninth Circuit.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 9, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Court's review of the California court system's website indicates that Petitioner filed a petition for review that was denied by the California Supreme Court on April 15, 1998 in case number S067878.[2] Thus, direct review would have concluded on July 14, 1998, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, July 15, 1998, or until July 14, 1999, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on September 9, 2008, over nine years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the Court's review of the state court system's website indicates that Petitioner filed the following state habeas petitions: (1) filed in the California Supreme Court on May 6, 1999 and denied on August 25, 1999 in case number S078682; (2) filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on November 17, 2004 and denied on November 23, 2004 in case number F046730; (3) filed in the 5th DCA on December 22, 2004 and denied on January 13, 2005 in case number F047004; (4) filed in the California Supreme Court on February 17, 2005 and denied on January 25, 2006 in case number S131524; (5) filed in the 5th DCA on March 14, 2007 and denied on March 22, 2007 in case no. F052426; (6) filed in the 5th DCA on December 28, 2007 and denied on January 17, 2008 in case number F054416; and (7) filed in the California Supreme Court on February 4, 2008 and denied on July 9, 2008 in case number S160555.

As mentioned, the one-year period commenced on July 15, 1998 and continued to run until Petitioner filed his first state petition in the California Supreme Court on May 6, 1999. Assuming, without deciding, that the first petition was "properly filed" within the meaning of the AEDPA, Petitioner would have been entitled to statutory tolling for the pendency of that petition. At the point of filing that first petition, 295 had already run on the one-year period, leaving only seventy days remaining. The first state petition was denied on August 25, 1999, and thus the one-year period would have resumed the following day, on August 26, 1999. The period continued to run unabated until it expired seventy days later on November 4, 1999.

The fact that Petitioner subsequently filed six other state habeas petitions does not entitle Petitioner to further statutory tolling. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on November 4, 1999, over five years *before* Petitioner filed his next state habeas petition on November 17, 2004.[3] Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA for the remaining six state habeas petitions.

   D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

---

[3] In his response to the Order to Show Cause, Petitioner also alleges that he filed a petition for writ of certiorari in the United States Supreme Court on August 14, 2003, that was denied on January 12, 2004. (Doc. 30, p. 1). As the discussion supra indicates, even assuming, arguendo, that Petitioner is correct in making this factual assertion, the petition would still be untimely since the one-year period expired on November 4, 1999, over three years before the filing of the petition for writ of certiorari on August 14, 2003. Accordingly, such a filing would not be entitled to statutory tolling under the AEDPA. Green, 223 F.3d at 1003.

6

claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, from its review of the record, the Court perceives nothing that would justify such equitable tolling. Accordingly, it appears that the instant petition was filed over nine years late.

E. The Petitioner Is A Second and Successive Petition.

As an alternative ground for dismissal, the Court finds that the petition constitutes a second or successive petition and that Petitioner has filed it without permission of the Ninth Circuit.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or

successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner himself concedes that he has previously filed a federal habeas petition in case number 1:99-cv-6427-OWW-LJO. (Doc. 30, p. 1). In that petition, which the Court takes judicial notice of at this time pursuant to Fed. R. Evid. 201(b), Petitioner also challenged his 1996 Merced County Superior Court conviction for murder and his sentence of life without the possibility of parole. In a lengthy Findings and Recommendations issued on June 5, 2002, the U.S. Magistrate Judge assigned to the case addressed the merits of all of Petitioner's challenges to the constitutionality of his 1996 conviction and sentence. Those Findings and Recommendations were adopted by the District Judge on January 6, 2003, and judgment was entered against Petitioner on the following day. The Court's docket indicates that Petitioner duly filed a notice of appeal with the Ninth Circuit, but that the Ninth Circuit denied issuance of a certificate of appealability on April 25, 2003. Subsequently, on September 23, 2004, the Ninth Circuit denied Petitioner's request to file a second or successive habeas petition because Petitioner had not made a prima facie showing under 28 U.S.C. § 2254.

This petition also challenges the 1996 conviction and sentence in the Merced County Superior Court, and thus, although it raises different issues than the 1999 petition filed in this Court, Petitioner has not established either that the "new" claims rest on a new, retroactive, constitutional right or that the factual bases of the "new" claims were not previously discoverable through due diligence, and also that these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). Accordingly, the instant petition is a second or successive petition within the meaning of 28 U.S.C. §2244.

Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file

this second or successive petition attacking his 1996 Merced County Superior Court conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing a petition for writ of habeas corpus challenging his 1996 conviction and sentence, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

      F.  Motions for Issuance of Subpoenas Duces Tecum and For Discovery.

Subsequent to the issuance of the Order to Show Cause, Petitioner filed three discovery motions. (Docs., 34, 35, & 36). Although each is styled separately, all three relate to Petitioner's claim that the trial judge should have recused himself because he knew the family of one of the murder victims, i.e., Petitioner's wife, and that he also had a personal relationship with his wife's sister. Documents 34 and 35 seek transcripts and court documents related to a 1995 pre-trial motion for the trial judge to recuse himself from the criminal case. Document 36 appears to seek affidavits from the trial judge, the prosecutor, and the defense attorney relating to Petitioner's claims of judicial bias.

The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969). Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. The Advisory Committee Notes to

Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions. Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at 295, 89 S.Ct. at 1089).

Here, Petitioner's request for issuance of subpoenas duces tecum to the individuals indicated above, as well as his discovery request for transcripts and court documents relating to the 1995 pre-trial hearing on the motion to recuse the trial judge, would only be meaningful within the context of an evidentiary hearing. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

In light of the Court's conclusion that the petition is untimely and also a second or successive petition, and must be therefore be dismissed without an evidentiary hearing, Petitioner's motions for issuance of a subpoenas duces tecum and for discovery related to the issuance of the subpoenas duces tecum are without merit and moot.

G. Motion To Stay.

Petitioner styled his response to the Court's Order to Show Cause as a Motion to Stay. (Doc. 30). However, nothing in Petitioner's motion seeks to stay proceedings in order, for example, to exhaust claims in state court or for any other reason. Rather, the caption appears to be in the nature of a plea for the Court not to dismiss the case. So construed, the Court will, for the reasons set forth above, deny the motion to stay.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED as untimely under the AEDPA and as a second or successive petition;

2. Petitioner's motions for issuance of subpoenas duces tecum and for discovery (Docs. 34, 35, & 36), are DENIED as MOOT;

3. Petitioner's motion to stay (Doc. 30), is DENIED;

4. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 3, 2010**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE